### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JIMMY MOORE,**

           **Plaintiff,**                  **CIVIL ACTION NO.  09-CV-10446-DT**

    **vs.**

                                   **DISTRICT JUDGE MARIANNE O. BATTANI**

**DAIMLER TRUCKS NORTH**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AMERICA, LLC,**

           **Defendant.**

_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
### DEFENDANT'S MOTION TO COMPEL EXPERT REPORT, COMPEL VEHICLE
### INSPECTION, AND MODIFY SCHEDULING ORDER

This matter comes before the Court on Defendant Daimler Trucks North America LLC's

Motion to Compel Expert Report that Complies with FRCP 26(a)(2)(B), Compel Vehicle Inspection,

and Modify Scheduling Order filed on May 26, 2009.  (Docket no. 9).  Plaintiff has responded.

(Docket no. 11).  Defendant filed a Reply brief.  (Docket no. 13).  The parties have also filed a Joint

Statement of Resolved and Unresolved Issues.  (Docket no. 17).  This matter has been referred to

the undersigned for decision.  (Docket no. 10).  The Court dispenses with oral argument pursuant

to E.D. Mich. LR 7.1(e).  Defendant's motion is now ready for ruling.

    **1.**        **Facts, Claims, and Procedural History**

Plaintiff is the sole proprietor and lone driver of his cross-country trucking business who in

June 2006 leased a new 2007 Freightliner M2 106.  (Docket no. 11 at 6).  This is the sole vehicle

used in Plaintiff's business.  (*Id*.).  Plaintiff began experiencing transmission problems with the

vehicle soon after he took delivery of it, and the truck has been in for repair several times causing

it to be out of service for over 100 days according to Plaintiff.  (*Id*.).  Plaintiff filed this action in

Wayne County Circuit Court, but Defendant removed it to this court.  Plaintiff is suing Defendant, the manufacturer of the truck, for breach of warranties and breach of contract.  (Docket no. 1).

The parties filed their Joint Rule 26(f) Plan on March 24, 2009.  (Docket no. 7).  The district court entered a scheduling order on March 26, 2009.  (Docket no. 8).  One date set by that Order is May 26, 2009 by which Defendant's inspection of the subject vehicle was to occur.  (*Id*.).  The parties' Joint Rule 26(f) Plan states that Plaintiff will make "the subject vehicle available in Michigan no later than 60 days after entry of the Scheduling Order."  (Docket no. 7 at 3).  Therefore, the plan was to have the vehicle inspected in Michigan by Defendant between March 26, 2009 (the entry date of the Scheduling Order) and 60 days later or May 26, 2009.

On or about May 4, 2009 the truck broke down in Texas.  (Docket no. 11 at 7).  Defendant's authorized repair facility repaired the truck in El Paso, Texas.  (*Id*.).  Counsel for the parties exchanged emails regarding this occurrence, and as a result Defendant sent a regional representative to "oversee the inspection" of the truck.  (Docket no. 9 at 8).  Transmission components were replaced during this repair, but Defendant retained possession of the allegedly defective parts. (Docket no. 11 at 8).  Shortly after the truck was repaired and returned to service, Defendant demanded the inspection in Michigan of the vehicle pursuant to the discovery plan.  (*Id*.).  Plaintiff refused and took the position that the Defendant's actions in overseeing the truck's repair in El Paso, Texas satisfied Plaintiff's obligation to produce the truck for inspection under the discovery plan.

In addition, before the truck broke down Plaintiff's expert had inspected the truck.  Plaintiff's counsel served Plaintiff's expert report on Defendant's counsel on May 11, 2009.  (Docket no. 11-3).  Defendant now contends that Plaintiff's expert report does not give sufficient detail to comply with Fed. R. Civ. P. 26(a)(2)(B).

Defendant moves the Court to order Plaintiff to provide a proper expert report, to allow the inspection of the truck in Michigan, and to modify the dates of the Scheduling Order because those dates are now unworkable.  (Docket no. 9).

The parties have resolved some issues.  (Docket no. 17).  If the Court orders inspection of Plaintiff's truck in Michigan, Plaintiff will bear the cost of transporting the truck to Michigan if Plaintiff's deposition is held one day and the truck inspection held the following day.  (*Id*.).  Furthermore, if the inspection in Michigan is ordered, Defendant agrees to pay for the parts currently in Texas to be shipped to Michigan and made available to Plaintiff's expert to inspect.  The parts would be shipped in time to allow Plaintiff's expert to inspect and supplement his expert report prior to Defendant's inspection of the truck in Michigan.  (*Id*.).  Plaintiff would not need to produce his expert for deposition until after the parts are produced by Defendant, Defendant has completed all inspection of the truck, and Defendant has rendered a finalized expert report.  (*Id*.).

The three unresolved issues are: (1) whether Plaintiff's expert report (the Shepherd report) complies with Fed. R. Civ. P. 26(a)(2)(B); (2) whether the truck has to be made available for inspection in Michigan; and (3) whether the Scheduling Order dates should be modified.

    **2.**    **Analysis**

        **a.**    **Expert Report**

Defendant argues that Plaintiff's expert report fails to provide the basis and reasons for Mr. Shepherd's opinions, the data or other information considered by him, or all of the exhibits that will be used to summarize or support his opinions.  (Docket no. 17 at 3).  An expert report is required to eliminate unfair surprise to the opposing party and to conserve resources.  *Sylla-Sawdon v. Uniroyal Goodrich Tire Co*., 47 F.3d 277, 284 (8th Cir. 1995).  The report should provide a basis for

3

the opposing party to decide whether to depose the expert.  (*Id.*).

Plaintiff's expert report concludes that the truck's transmission remains defective and will require considerable expense and time to replace the transmission again.  (Docket no. 11-3).  As a result, the expert concludes that the value of the truck is substantially decreased by at least one-third of its used value.  (*Id.*).  Upon his inspection, Mr. Shepherd found that transmission fluid was leaking from the bell housing area showing that the transmission is defective.  (*Id.*).  Mr. Shepherd attached to his report his qualifications, his billing records, the prior cases in which he has testified, and the considerable repair records for the truck.  (*Id.*).

Defendant fails to convince the Court that Mr. Shepherd's report must be supplemented to comply with Rule 26.  Plaintiff asserts, and Defendant does not dispute, that Mr. Shepherd was not permitted to disassemble the truck's transmission during his inspection because Defendant had not yet had the opportunity to inspect the truck.  (Docket no. 11 at 7).  Mr. Shepherd's report more than likely will be supplemented once he inspects the defective parts which now have been removed from the truck.  The report as it stands now enables Defendant to determine the basis and reasons for Mr. Shepherd's opinions that the transmission is defective, and the repair records show why he might believe that future repairs may not solve the transmission problem.  The bulk of the data and other information considered by Mr. Shepherd is attached to the report.  One missing piece of information is how he arrived at the figure of $15,500 to replace the transmission of the truck.  However, that information may easily be obtained during a deposition.  The exhibits that will be used to support his opinions are attached to the report.  In short, the report enables Defendant to decide whether or not to depose Mr. Shepherd, and his report cannot be described as sketchy or vague.  Accordingly, Defendant's Motion to Compel Expert Report that Complies with Fed. R. Civ. P. 26(a)(2)(B) is

4

**DENIED.**

        **b.**        **Truck Inspection in Michigan**

There is no dispute that the original plan was for Plaintiff to produce the truck for Defendant's inspection in Michigan. Plaintiff produces some evidence, by the exchange of emails between counsel, that counsel for both parties considered Defendant's repairing of Plaintiff's truck in Texas or overseeing of those repairs to be an inspection by an expert referred to in Fed. R. Civ. P. 26. (Docket no. 11-5 at 1). Yet, the record does not reveal that the parties agreed that this inspection would substitute for the inspection set to occur in Michigan. Under these circumstances, the Court will order an inspection to occur in Michigan. The parties have already agreed on how that inspection will be accomplished. The Court adopts those procedures detailed in the Joint Statement in the section entitled "Resolved Issues." (Docket no. 17 at 2-3). Defendant's Motion to Compel the truck inspection in Michigan is **GRANTED** on those terms.

        **c.**        **Scheduling Order Dates**

Most of the dates in the district court's Scheduling Order are now unworkable in view of the above events in this action. Those dates are modified as set out below. Any dates not modified remain as in the original Scheduling Order. Defendant's Motion to Modify Scheduling Order is **GRANTED** to the extent that the modified dates are:

| | |
|---|---|
| Defendant's Inspection of Subject Vehicle | 8/17/09 |
| Discovery Cutoff | 11/2/09 |
| Defendant's Expert Report | 9/1/09 |
| Plaintiff's Expert Depositions | 9/21/09 |
| Defendant's Expert Depositions | 10/12/09 |

Dispositive Motions filed by                         12/1/09

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Expert Report, Compel Vehicle Inspection, and Modify Scheduling Order (docket no. 9) is **GRANTED IN PART AND DENIED IN PART** as set out above.

### NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 15, 2009                     s/ Mona K. Majzoub                     
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 15, 2009                     s/ Lisa C. Bartlett        
                                              Courtroom Deputy